UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS MATULIS,<br><br>                Plaintiff,<br><br>   v.<br><br>INLAND POWER & LIGHT CO.,<br><br>                Defendant. | NO. 2:20-CV-0164-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

## BACKGROUND

This case generally concerns a property dispute. In 2015, Plaintiff Thomas Matulis was a defendant in a state lawsuit brought by his neighbor over the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

property dispute.  *See generally* ECF No. 13.  Defendant here, Inland Power & Light Company, was also a defendant in the state case.  *Id.*  The state court proceedings resulted in a judgment in favor of Plaintiff's neighbor, which was upheld on appeal.  ECF No. 8-1.  On April 29, 2020, Plaintiff filed the instant Complaint in federal court, raising claims related to the same property dispute.  ECF No. 1 at 3.  On May 29, 2020, Defendant filed the pending Motion to Dismiss for Lack of Jurisdiction.  ECF No. 8.

## DISCUSSION

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Federal courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's Complaint asserts federal question jurisdiction is based on an alleged violation of Plaintiff's Fifth and Sixth Amendment rights.  ECF No. 1 at 3.  However, Plaintiff's factual statement of his claim describes only a private dispute over property lines and a utility services contract between Plaintiff, his neighbor, and Defendant.  ECF No. 1 at 4-7.  Construing the Complaint extremely liberally, the Court could infer that Plaintiff's statement that he "was never given the chance to face [his] accuser" during the state court proceedings is intended to assert a violation of his Confrontation Clause rights under the Sixth Amendment.  ECF No. 1 at 6.  However, this right applies to

criminal defendants, not civil defendants. *See Crawford v. Washington*, 541 U.S. 36, 42 (2004). Plaintiff's Complaint fails to allege a claim under the Constitution or federal law to support federal question jurisdiction. Accordingly, this Court does not have jurisdiction over this case.

Title 28, United States Code § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is satisfied when an individual "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.
2. This case is **dismissed without prejudice**.
3. Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

//

1   The District Court Executive is directed to enter this Order, enter judgment

2  accordingly, furnish copies to counsel, and **CLOSE** the file.

3   **DATED** July 9, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4